1199 Clare v. Chrysler Group Yes, thank you, Your Honor. May it please the Court, being here in law school, I think it's, uh, I'd be remiss if I didn't start with, uh, Anderson v. Liberty Lobby. What we all learned in civil procedure in Rule 56, because as Judge Moore said in, I think, was the Enos case, the first case this morning, at summary judgment, when there's evidence in the record, the district, and I'm paraphrasing, the district court does not get to weigh the evidence. And that's exactly what the district court did here. She weighed the evidence when there was a classic battle of the experts. And the evidence that the court cited was all of a page and a half, was evidence that the, spent, that the appellee, Chrysler, relied on, that was taken out of context and ignored. You're starting this case in an interesting posture. I thought most of your arguments were directed to the claim construction. And I understood very little of your case to be directed to the evidence under the existing claim construction. Am I wrong? Are you adopting the not obvious claim construction? No, Your Honor. There are two distinct issues in this case. One is that the claim construction was improper. But even if it wasn't, or weren't, and the court accepts it, we believe there's sufficient evidence in the record. Dr. Aiken testified and went through painstaking detail in dozens and dozens of pages on multiple reports to explain how using the district court's claim construction, in his opinion, when his expertise was never challenged, that they meet the limitation as, of the element as construed by the district court. So we are taking both issues at hand. At 3329, Dr. Aiken says the RAM storage box is apparent to a casual observer. Yes. No, he says, at certain angles and certain instances. And Your Honor, it asked him what he thought. And he said, yes, it is apparent. The hinge panels are apparent to me. I've climbed all over the truck. Wait, can we start at claim construction? That's where we usually start. I'm getting a little confused about this infringement analysis. Sure, Your Honor. So start, and tell us why the district court erred, apparently, in your view, by adopting the other side's claim construction. Yes. Chrysler engaged in a war of semantics for strategic gain. They argued that it's not as obvious. And a claim construction... Really, a lawyer isn't anti-semantic. But a claim construction, Your Honor, a claim construction is to get it right so that the jury is not confused. What's the claim term that's at issue here? That the hinge panel, in some claims, or the bed is constructed such that the pickup has substantially the external appearance of a pickup without the storage facility, storage system, built-in storage. And your alternative claim construction is? It's a pickup with the storage, built-in storage, looks like a pickup without the built-in storage. That's what Clare said in the file history. That's how to overcome rejections. He said, he cited Webster's Dictionary, and he said, external appearance is not magic. I don't think he was his own lexicographer. I think he applied the plain, ordinary meaning that external appearance, or substantially the external appearance, looks like something without it. And in the file history, what's very interesting, Your Honors, is that the original, there was an office action rejection that said there's no point of reference, and gave a 112 rejection. And Clare responded and said, yes, there is. It's a pickup truck without the storage. Built-in storage is the point of reference, as set forth in the claim language. And the examiner agreed. We pointed that out during the Markman process, and the district court said, no, that's improper. You don't need a point of reference. And what the district court said is, we're going to look at whether the storage box is not obvious. And took the point of reference away from a pickup truck without the storage box, or the built-in storage, and compared the two. And we take issue with that. So what the district court did is change the focus. And it was improper, plus we also took issue with injecting the word obvious into a claim construction in a patent case, where a jury has to hear about obvious under clear and convincing for 103 purposes. That's a ridiculous argument, because this case didn't go to a jury. So none of whatever your potential problems are with her word choice, and she obviously meant obvious in the colloquial sense, and not the section 103 sense, that would only be relevant if it went to a jury, and then if we believe the jury was harmfully confused by it. And none of that is this case. Except if it gets remanded, Your Honor, then it does. And that's one of our points, is that if the court agrees with us. You've got to persuade us to remand before you reach that hurdle. Yes, I do, Your Honor. I'm well aware of that. But we believe that the... I'll be honest, I don't think the claim construction was just flat out wrong. I just think it could be better and clearer, and it created confusion, and allowed Chrysler to inject these semantics to argue, and allow the district court to weigh the evidence and say, oh, that's obvious. Which is what they did throughout the record. And that was improper. I really don't understand your rhetoric about them using semantics. I mean, it seems very accusational, and it's not well received. So please stop doing it. Fair enough. But what I really don't understand is if you're thinking the claim construction is, quote, not really wrong, or not all that wrong, but it could have been done better, well then if I use that claim construction, I don't care if your expert says from some vantage points it's not obvious, and from others it is. I mean, here's the picture. I'm going to hold it up for all the students. See the big push button? See the giant push button on the side? That's the opening and closing mechanism. Pretty damn obvious to me. I mean, I don't know. And so concedes the expert. You don't want me to decide this as a question of fact on appeal. However, there are some questions of fact upon which no reasonable juror could conclude otherwise. Why isn't this one of them? I mean, look at this giant push button. This is what opens. In case you all want to know, this is a pickup truck, which has a hidden compartment to put your golf clubs. In fact, that's what the inventor came up with, a hidden compartment to put your golf clubs in because he was a golfer. He wanted to hide them somewhere instead of putting them on the flatbed of his truck where they could be seen and stolen. Also useful, by the way, for tools, putting your tools, if you're a construction person, into this hidden compartment. In his patent, there is no push button, and he goes to great extent to explain in his patent, the only difference, the only thing you can see are two vertical cut lines in his patent. So then come along this accused infringing device, and you've got a giant push button there. I mean, what do you think it is, like a heat-seeking missile? I mean, no, it's the button to open up the giant not-so-hidden panel. So what do we do? You also have raised letters that are quite obvious in the photographs. Ram box. On the top. Your Honor, may I? Your Honor, Judge Moore, you are entirely correct to argue that to a jury. But if you look at page four of our brief, and you look at the pickup truck without the ram box and the pickup truck with the ram box, if you didn't know what you were looking for, our expert says to a casual observer, you wouldn't know it's there. And Chrysler went to great pains. Your picture is, at least in my brief, so black and white that I can't even see at all where the front door and the back door are on this picture. When the picture instead is in color, and it doesn't matter whether it's blue or white, look at how pronounced it is. You have a blurry photocopy that doesn't even allow me to delineate the front door from the back door. Your Honor, the picture you are pointing to of the lock from that vantage point is obvious. And from the vantage point of looking on the raised lettering, it's obvious. If you're standing on top and looking down, from standing in the bed and looking down, Judge Waller. Or if you're tall, unlike me, and you're looking over the side. To be clear, this is one, two, three, four, five different pictures. This one is coming from the back angle. This is coming from the front looking back. This is coming from the top looking down. I mean, the only place I couldn't see this thing is if I was underneath the darn truck. Your Honor, according to our expert, and he is skilled in this field, to a casual observer, and the claims speak to looking at the pickup truck. It doesn't say look at the side panel. According to your expert? According to his expert, why do you need an expert for this? The whole question is, is this hidden compartment hidden or not? Any casual observer? And you're saying to me, your expert tells me what a casual observer would observe. Do I need an expert? I mean, I'm not an expert in most things, but aren't I at least a casual observer? Yes, absolutely. Absolutely. But you're not on the jury. You're not on the jury to decide that. But you keep going back and forth. You're going from one extreme to the other. You're first talking about experts, suggesting that it takes one skilled in the art to construe something. And then you're juxtaposing that to the complete opposite, which are layman jury. Judge, the evidence in the record is from an expert who gave a report that explained everything. So I'm relying on evidence in the record, on the Rule 56, that creates an issue of fact. But the claim, the question is not... But your expert says that at least in some instances, that is from some angles, the challenge vehicle simply does not infringe. How do you prevail? But he didn't say that. The element, and that's our problem with the claim construction. The doors constructed such that the external appearance of the pickup with the storage is substantially similar to a pickup without that storage. So you have to look at the entire pickup. And he says, yes, it is. And you look at the efforts that Chrysler went through to match the color, the contour, make sure it does not look like a utility truck, match the lines perfectly so the cut line goes along through it. They tried to make it look so it had substantially the external appearance without it. They look exactly alike if you didn't know what you were looking for. And it's free to argue to the jury. And that's what the claim says. And our issue with the claim construction is that the district court lumped certain claims of the four of the 795 patent where it says hinge panel and doesn't have the word substantially and uses a storage box with claims of the other patent which says the bed is constructed, built in storage, substantially the external appearance, and said we're going to call them all external appearance claims. Okay. So this is a good point. So let me ask you, did you separately argue these claims and the differing language in these claims? Absolutely. And so would you agree that your case is better with regard to the 583 where it says bed, which is a larger portion of the truck, and substantially, which means not necessarily all, that your case is better there than it is for the 795 which only says the hinged portion, which is just this portion along the top, and doesn't have the word substantially? There are clearly differences. And for purposes of purely infringement purposes... I didn't ask if there were differences. I said is your case much stronger for 583... For infringement, yes. ...than for 795? For infringement, yes. And for the claim construction you seek? Yes. We believe that the claim construction for both patents, and for this element in both patents, is simply plain ordinary meaning. Just like hinged panel didn't have to be construed, even though Chrysler argued for a definition and the special master of the district court said no, there's nothing special about those words, we think the same rationale applies. External appearance substantially are not magic words. It looks like a pickup truck without the built-in storage. And if I may, I see the yellow lights on. I deserve to balance on my time. Thank you. May it please the court. This case to me is a classic claim construction issue. The question is whether the patent claims are broad enough to cover plainly visible and obvious storage, or whether they're limited from the patent claims themselves or from the specification disclosure to what the district court called not obvious storage or hidden storage. But the patent claim says the bed being constructed such that the pickup has substantially the appearance of a pickup without the built-in storage. So given the breadth of that claim, you're focusing on the whole bed, not just where the unit is. The whole bed, that's everything from the doors back, right? Right? Making sure I know what the bed is. Yes. The part behind the cab, your honor. Everything behind the cab. So the whole bed just to have substantially the same appearance. Okay? So the whole bed. So here's your pictures I keep holding up. The only difference in this truck as compared to one without this hidden box. Yes, your honor. Right? Is the push button there and this cut line here. And that's it, right? Yes, your honor. So the whole rest of the bed, the interior of the bed, the back side of the bed, the other side of the bed, all is identical. The shape of the bed, right? The contour of this part of the truck, the entire bed, the contour of the bed. Everything else is identical, but for those two differences. Why doesn't that meet substantially the same appearance? So that's not completely accurate. The bed actually from the interior is wider than a conventional bed. That's evidence of the record to allow for the storage. So the wall actually moves in a bit. Then you have the cut line with the horizontal seam that's about midway up the bed and the lock and the ram box. Those are the differences. The contour is the same. If you look at the claim, your honor, contour matching the front of the bed is already a claimed element. And special master Thomas in this case actually pointed out that this claim must be something more than simply matching contours because the 583 claim language already requires the cab. Yes, this says the bed has to be substantially the appearance of the pickup. I don't know. Why isn't this at least a question of fact for the jury? I mean, yeah, I see that giant button. It jumps out at me for sure. But why isn't it at least in the cut lines? But keep in mind, the patent expressly had its own cut lines. They were vertical, not horizontal, but they had vertical cut lines. Yeah, they were inconspicuous and minimized so that you couldn't tell there was a hinge panel. Here you can clearly tell there's a hinge panel. All of their witnesses admitted it and their expert admitted it. So the features put together sort of tell you that there are storage there. So the bed is substantially different. If you look at the spec, the issue of substantially different comes down to whether you can tell their storage there or not there. But I do want to step back one second. The issue about whether the claims were argued different below with respect to the 583 and with respect to the 795 was solely the word substantially. Hinged portion or the hinge panel being in the claim construction, that was not taken up as an objection to the special master nor presented to this court. So the claim construction that focuses on for both the 583 and the 795 focuses on the hinge panel, that hasn't been appealed. The one difference between the two sets of claims that has been appealed is whether substantially makes a difference between the two claims. As the court knows, the claim construction issue was submitted for report and recommendation in the special master Thomas. He addressed that issue. But what we do, aren't there some dependent claims which, for example, say things like the latch and latch mechanism is unexposed and mounted to it said at least one storage box. So aren't there some dependent claims, I'm looking at the 795 prosecution history, that actually have unexposed locks and latches kind of like your push button? Has unexposed? Exposed, thank you. So stepping back to claim construction and the differences between the 795, this is sort of a roundabout way to get there. The answer is you can have them exposed. They're exposed in the figures in the patent but they are still concealed behind the tailgate. You can see them, they're not in the cab. There is nothing in the patent spec that says the lock or latch can be visible. And in fact, the patent says just the opposite. So we know that the only differences that were contemplated were the two vertical cuts. If you take a look at the 583 patent, your honor, column four, lines 54 to about 58, and I'd like to touch on the present invention area of claim construction law in a second, because that, even if the dependent claims do say unexposed, the present invention can operate as a disavow under this court's case law. But that specific sentence after discussing what the present invention is and how you convert from a conventional bed to Mr. Clare's hidden bed, says thus, one would not readily recognize the modification to the bed and therefore those with the intent to steal tools would not recognize the hidden storage arrangement. If this patent spec actually did disclose visible hinges, it would point that out. That would be a modification that one would recognize. If it had exposed latches, that would be a modification someone would recognize. It says in the spec three times that the only difference between an unmodified bed and the modified bed are the two vertical cuts. And if you take a look at figure five, you'll see that they are placed at places where people might think that they are seams for the sheet metal. You can't tell there's a hinge panel there. But what about these dependent claims? Like I said, in the 583 number, let's see, 46, the only element added is hinges that are not exposed to an external view of the pickup. That's it. There's no other words. So wouldn't that mean the independent claim has to allow for both hinges that are viewed and hinges that are not viewed? Under the doctrine of claim differentiation, yes, that would be the normal construction. But exposed doesn't mean, not they could be inside the bed where you can't see them from the outside, the outward appearance. And sometimes claims differentiation doesn't carry the day. That's correct. As the court knows, it's a guide, not a rigid rule. But that turns me to, we do think the claim construction is correct and requires hidden storage. It requires the storage box to be obvious. The way you get there, you can get there in two different ways. And one sort of resolves this claim differentiation rule. I think the plain meaning of the claim term, where you have a storage box in a truck, but the external appearance, the bed is constructed such that the pickup has the external appearance of a pickup without storage. That plain meaning suggests that the truck has storage, but looks like it doesn't have storage. That's how the district court interpreted it. That means it's hidden. The plaintiffs in this case said, no, no, no, it means, and the court has asked them about their alternative claim construction. We haven't really seen one, at least in their opening brief, what they are really looking for, other than just use the claim language. But there is an issue with scope here. And the question that they raise is, no, no, no, that language under its plain meaning just means matching the contours, paint, and texture. As I said for the 583, contour matching is already required by a different element, so it can't mean that. Special Master also agreed with that. But more importantly, you then resolve that issue by resort to the spec. In the passage I read on column four, where one would not readily recognize modifications to the bed, tells you which of those plain meanings, to the extent there is any ambiguity in the plain meaning, we don't think there's any, tells you which one's correct. It has to be the one that makes the modifications not recognizable. In other words, not obvious. It can't be the one that allows for a plainly visible storage box, like the RAM box, that has the same paint color and the same scope, because those modifications are recognizable. That's one way we get to the correct claim construction. Plain language of the claim in the context of the spec to tell you which of the two proposals are consistent or inconsistent with that. Second, this patent spec operates as a disavowal to the extent that a court believes that the plain meaning of this claim phrase is broader than hidden storage. There is a disavowal under the GE and Thorner line of cases. I can show you what I mean if the court would turn in the red brief to page five. Like most patents, this one starts with an explanation of the problem and solution. This patent specifically identifies the two pieces of prior art that it thinks are exemplary. Those are pictured on the top of page five. If you take a look at the one on the right, the Lawrence patent, the 430, you have a hinge panel that matches the contours that closes and creates a storage space. The plaintiff's view is that hidden in this patent simply means concealed behind a paddle and you can't see what's in it. This shows that that's not correct. This one has a space behind the panel that you can't see. Despite that, it says in describing these, these are satisfactory for their intended purpose, but still an attraction for theft. What does it mean? These modifications, despite having the same contour and it's a patent drawing, but presumably the same color, is an attraction for theft because you can see the cut lines. The cut lines here are as visible as the ones in the picture you held up, Judge Moore, and doesn't have the big shiny push button lock to tell you that they're storage. The patent specification goes on to say at the end of that column, and this discussion is in column one, lines 48 to 52, it says, thus the pickup, after discussing what the invention is going to be, how you convert it into hidden storage, it says, thus the pickup can be used for pleasure or work without the appearance of its storage utility capability. Its capability. It has storage, but its capability is not noticeable because that panel is not obvious or is hidden into the trunk. That distinguishing of the prior art works as a disavow when you look at it in combination with the various uses of the present invention or the invention that we set forth on page six and seven of our brief, of the red brief. Those are just some examples. It's a short patent. Reading through it, you can't come away with anything other than this is the type of patent that the present invention law was designed for. They used those words to say this was our invention. We didn't want to be like the Lawrence patent where you could see the panel opening. We wanted ours hidden. Mr. Souter, if I could turn from claim construction, Mr. Souter said that his expert has given testimony that the Rambox infringes. As the court noticed, he does from A52-00 to A52-08, everything about the hinge panel is noticeable or apparent. He won't use the word obvious. He says that he doesn't have a definition from the word obvious, but thinks it's different from apparent. The dictionary, of course, one is a synonym for another. He says it's apparent, it's evident, all the words you could think of to differentiate from this patent. When I asked him at his deposition, okay, if you think this isn't obvious, I couldn't understand once we won claim construction why they didn't stipulate to non-infringement. His answer is pretty telling. They quote this paragraph in their brief and say this is their key evidence from their expert. It's at A52-01, and it's when it was suggested that we ask the correct question to the expert using the court's claim construction. And it says, in your opinion, is the hinge panel constructed in such a way that the storage box is obvious? And he says, no, sir, in this case, the hinge panel is constructed in such a way that the storage box is not obvious. That's what they say their evidence is. That's just a bare conclusion. The case law says that's not enough to reject summary judgment. This is not a classic battle of the experts. You have to have some support. My next question, how would you construct the hinge panel so the storage box was obvious? And he says, well, I'll take your former suggestion, it was trying to figure out the patent, that we'll make it out of glass. So the only way to get around their patent is to take the hinge panel and make it out of glass so you can see inside. Their interpretation of the court's claim construction is you have to see inside the box for the box to be obvious. If you have an opaque hinge panel and you close it, you are not obvious because you can't see inside. And the passage continues down to line 22 of page 122 where I say, is there any other way besides making it with glass? And this is an expert that prepared a report and studied this. He said, no, none that come to mind. I'd like to turn back, Judge Moore, to your question about substantially. That issue was discussed below by the special master and I believe by the district court. The starting points that doesn't say substantially. Why do we need expert testimony here? Maybe I understand why you would need expert testimony with regard to the design of the thing. But if the only question before the court, which it seems to have been at this point, is, is this box obvious? Not to an expert, right? But isn't it obvious to a normal person? Isn't that the question? Because the experts, you know, you're about to buy like the average person. Yes, I agree with you. We actually understand why we actually had our own expert who was a auto design person. Why did you have an expert? Why is this a classic battle of the experts? When the only question is, would an ordinary passerby of a pickup truck have noticed this thing or not? Why do you need an expert for our expert who was unrebutted, had a background in auto design? Why do I need a background in auto design? I don't think you want a person of ordinary skill in the art of auto theft. Well, auto, criminal lawyer that was here a minute ago. Maybe he's got some former clients. In the background of auto design, this person actually designs vehicles to affect how ordinary people see them. And so the issue was, is this storage box obvious? Did they design it in a way that was obvious and he could speak to that? He was unrebutted. Dr. Aitken was a mechanical engineer. When I deposed him, I actually asked if he had any expertise on determining whether something was obvious or not. And he said, no, he didn't. But he did, as a ordinary person, see all the distinctions and conclude that it was obvious and evident. You could see the hinge panel and the push button. We also asked their two party witnesses, Mr. Clare and Mr. Long, their parties here, their statements or binding admissions. They also found it obvious. In fact, of all the I don't think they found it obvious. I think they said various aspects were apparent, is my recollection of their testimony. Where did they precisely testify it was, quote, obvious? I want to see that word in their testimony. Or your time is up and you've done well so far. So if you really want to go down this road, I'll make you walk me through the testimony. But yes, if I could very quickly, your honor. Go for it. Could you just bear with me for one second? So Mr. Long's testimony is at 2968, pages 181 and 184. It's actually set in a brief, might be easier. We have a quote in our brief if that's easier. Page 20. Let's see here. 181, 182 and then 184 is the conclusion. It says, is the storage obvious from the external appearance? Yeah, is the storage obvious from the external appearance of the truck? That's 181 at line 16, your honor. Yeah, I can see it is the answer. I think I said, if I can see it, it's obvious. Yes. And then later. But that kind of can't be right, can it? Because we already know the patent allows for vertical cut lines. I can see those. So that actually can't be the right answer. It's a great point in the district court. There was also a written description issue on claims that did not have this term that were very broad. We're not going to give you more time to cover that. So if I can see it, the patent, the only embodiment in the patent, I can see those vertical cut lines. That can't be the standard for whether it's obvious or not. You can see the cuts, but you can't tell it's storage. That's the difference. The modifications cannot add up to equaling storage. And here, with two vertical cuts that are not in places that are inconspicuous and a horizontal one in a place that a truck will never have any push button, those distinctions add up to being, to making the storage obvious. And that's why Mr. Long testified that way. Mr. Clare also, as a party opponent, also admitted to use the word obvious. Thank you, Your Honor. Thank you, Your Honor. The record is clear that the panel is saying, well, storage is obvious. Inferences are resolved in our favor. The evidence in the record is you don't know what's there. It could be a jack for a tire. It could be a fuse box. It could be a wire. You don't know what's just by seeing cut lines and a button. That's evidence in the record that how do you know that the storage box itself that you cannot see is obvious. That's one of the problems with the claim construction and what's happening, Your Honor, also with how the court construed the claims and applied the claims. But Column 3 of the 5A3 patent says in an embodiment, and the specification's clear that these are certain embodiments. This is not a case of disavowal of this is the invention. The description of the figure says in these embodiments. But Column 3, up there, it says that the described method may be carried out by making a pair of vertical cut lines. It may be hinged, may include providing a latch, and a lock may also be provided. That's in Claim 3, the first full paragraph. So there are clearly situations, and the that are outwardly may indicate something's there, but still meet the element of the claim. Given your argument, the distinction in the patent with rectangular utility trucks and the photograph at A6629, what you're saying is that's not obvious, even though they're distinguishing from it, because there could be an electrical utility box inside. To the casual observer, you see a utility box going down the street, you know there's something in there that's useful. His purpose, and I loathe to argue the purpose, because under the E-PASS case and its progeny, a purpose is irrelevant for the claim language. You cannot import a limitation that that storage was the purpose, therefore it's in the claims. But he was distinguishing from utility boxes. All the prior art that was discussed was those boxy 18T trucks that come up to your house or whatever, those are utility trucks, or those boxes at the silver corrugated metal boxes where you know something's there. He called this a trunk in a truck. It's no different than when I took my kids to soccer when they were little, and I said, put your backpack in the trunk. I don't want to see it in open view in the backseat. That deters theft. It may not eliminate theft. If someone wants to rob my trunk, they can, but they don't know what's there. And that's what he was trying to capture in his invention, is you don't see it in the backseat, whether it's your purse, whether it's your golf clubs, whether it's your kid's book bag coming home from school when you take them for a snack, you don't know. And as long as it has substantially the external appearance of a pickup truck without that storage in there, that's the event, that's the invention. A utility truck doesn't have the external appearance of a pickup truck. So there was no disavowal, and Judge Moore, I'd invite you to look at the record we provided, the color photos from Dr. Aiken's report that show that you put them side by side. I apologize for the grainy photocopy in our brief, but we did point to where in the appendix there are actual color photos, because it shows that they're from different perspectives. Our photos are of a black truck. There's also a white truck. They're the pictures Dr. Aiken took, but you know what? Black truck was one of the most popular colors. Does it deter theft? Do you see it? Now, I mean, I point to you, Judge Wallace, and say, look here. It's like, don't look at the elephant in the room. Once you know there's an elephant in the room, you cannot not know it's there. But to someone that says it has the contour, the shape, it doesn't look like a utility truck, doesn't have a cross box, it's for the jury to decide. And our issue there, Your Honor... Final thought. I'm sorry? Final thought. Oh, yes. Final thought. This is summary judgment. There's evidence in the record. All inferences are in our favor. All your comments are good, but they go to a jury. Those are arguments to counsel. You can't weigh the evidence, and that's our issue with the summary judgment. Thank you. Thank you. We thank both counsel. The case is submitted.